EQUAL EMPLOYMENT OPPORTUNITY
ALABAMA DISTRICT

 **UNITED STATES**
**POSTAL SERVICE**

---

| **RESCHEDULED** |
| --- |

May 13, 2005

## CONFIRMATION LETTER (SCHEDULING)
## TO ALL MEDIATION PARTICIPANTS:

**COMPLAINANT:**      J. C. Rodgers
                     4331 Highway 141
                     Elba, AL  36323-6905

**REPRESENTATIVE:**   Earl Dawson
                     c/o J. C. Rodgers
                     4331 Highway 141
                     Elba, AL  36323-6905

**RESPONDENT:**       Debra Alums/Postmaster
                     616 Glover Avenue
                     Enterprise, AL  36330-9998

**SUBJECT:**      MEDIATION CONFERENCE FOR EEO CASE **NO.  4H-350-0093-05**

This is to confirm the scheduling of a mediation conference, whereas the complainant alleged that he was discriminated against on March 18, 2005, based on age and race when the Postmaster wrote negative comments concerning his work performances, attendance, etc. and sent them to Bill Johnston, Injury Compensation Specialist, via e-mail.

**THE CONFERENCE WILL BE HELD AT THE USPS FACILITY:**

> **Location: Enterprise Post Office**
> **616 Glover Avenue**
> **Enterprise, AL  36330-9998**
>
> **Date:    Thursday, May 26, 2005**
>
> **Time:    1:30 p.m.**

For this mediation, participants designated by the complainant and management are those listed above. **It is the responsibility of the complainant and respondent to inform their representatives of the date, time, and place of the scheduled mediation.** If there is a need to substitute one of the above named participants on either side, written notification must be given to the other side at least (24) hours prior to the scheduled mediation conference.

**TO THE COMPLAINANT AND RESPONDENT: If the mediation hearing is scheduled on your non-schedule workday, please advise this office IMMEDIATELY.**

At my discretion, I or my designee may choose to sit in as an observer. If one side has someone appear who has not been identified at least (24) hours earlier to the other side, that person may participate only if the side not aware of his/her participation permits. Such notification should be sent directly to the other party by fax or mail so that it is received at least (24) hours ahead of the mediation conference.

**EVERYONE** needs to come to the conference as prepared as possible to participate fully in the mediation process.

Confidentiality is a critical part of the process and will not be compromised by any mediator, and/or observer even if both parties desire for them to testify in the future. As further protection of confidentiality, tape recording is not allowed.

Mediation is a settlement process and it is the policy of the U. S. Postal Service that the parties understand and agree to the fact that if the dispute does nor settle and ultimately goes to any administrative or judicial proceeding, neither the mediator, observer, nor his/her notes or records will be subpoenaed by either party.

Please note that it is not unusual for the mediation session in cases of this type to last 2-4 hours. Please be sure that everybody's schedule is cleared for at least four hours from the scheduled starting time. If this amount of time is not possible, please advise me immediately.

It is your responsibility to notify your Supervisor of your schedule mediation appointment.

The mediator will be looking forward to working with you to attempt to resolve this dispute to your mutual satisfaction.

Sincerely,

*Virginia H. Files*

Virginia H. Files
Manager, EEO Dispute Resolution
Alabama District


**NOTE: DUE TO THE SHORT TIME FRAME PRIOR TO THE MEDIATION, IF ANY OF THE PARTIES HAVE ANY QUESTIONS OR CONCERNS, PLEASE CONTACT ME AT:**

**PHONE: (205) 521-0419**

EEO DISPUTE RESOLUTION
ALABAMA DISTRICT


*UNITED STATES*
*POSTAL SERVICE*

July 12, 2005

J.C. Rodgers
v.
**John E. Potter, Postmaster General of U. S.**
**Case No.: 4H-350-0093-05**

**Certified No. 7000 1670 0008 0670 4743**
**Returned Receipt Requested**

*EEO Pre-Complaint Counseling/Final Interview*

**J. C. Rodgers**
**4331 Highway 141**
**Elba, AL 36323-6905**

Dear Mr. Rodgers

Inquiries have been made into the allegations of discrimination you filed with this office. This notice will attest to the fact that on July 12, 2005 (per this letter) you were advised that no resolution could be reached concerning the allegation(s). Since the matters that you raised at the counseling stage have not been resolved, you have the right to file a formal complaint **within fifteen (15) calendar days** after receipt of this notice. The complaint must be in writing **(PS Form 2565)**, signed by you and mailed or delivered to Appeals Processing Center, Southeast/Southwest Area, 225 North Humphreys BLVD, Memphis, TN 38166-0978. **Your formal complaint (PS Form 2565) must be submitted in person or postmarked within 15 calendar days of your receipt of this letter.**

An EEO complaint can be based only on discrimination because of race, color, religion, sex, national origin, age (40+), mental or physical disability, or reprisal for past EEO activity. In addition, courts have ruled that you, the complainant, have the burden of presenting evidence, which would give rise to an inference of discrimination.

A complaint must also contain the following information:

- Your name, address, position, and level;

- The specific action or matter complained of, its date, and the official(s) responsible. (Note: You cannot *add* matters which were not discussed during the counseling phase);

- The specific type of discrimination alleged, e.g., race-black, sex-female, etc.:

- A brief statement of the facts which led you to believe you were the victim of discrimination, and the names of individuals whom you believe were treated differently than you;

- If you allege handicap discrimination, the alleged handicap must be more than just a temporary (e.g., less than one year) disability.

- If you allege reprisal, you must show a connection between the action you are complaining about and your past EEO activity, and that management was aware of your past EEO activity when it took that action.

The second form enclosed in this package is **PS Form 2579-A, Notice of Right to File Individual Complaint.** Read this form over very carefully, sign the form and mail the top copy back to the Alabama District and retain the second copy for yourself. The address annotated on this form is the mailing address you are to use when filing your formal complaint.

**PENALTY ENVELOPES ARE NOT TO BE USED BY THE COMPLAINANT WHEN CORRESPONDENCE IS REQUIRED CONCERNING THIS EEO COMPLAINT.**

If you have any additional questions please call me at (205) 521-0419.

Virginia H. Files
Manager, EEO Dispute Resolution
Alabama District

Enclosures:    PS Form 2579-A
                 PS Form 2565

cc:       Earl Dawson
          c/o J. C. Rodgers
          4331 Highway 141
          Elba, AL 36323-6905

J C Rodgers
Complainant,

September 13, 2005

Case Number:  4H-350-0093-05

v.

Filed on:  July 29, 2005

John E. Potter,
Postmaster General,
United States Postal Service

## BRIEF IN SUPPORT OF APPEAL TO THE FINAL AGENCY'S DECISION

The issue(s) in this case involves the perception of the complainant based on what was written and how he has been treated by management since filing the complaint, not the agency's opinion. The agency states that no harm was shown when in fact just the opposite is true. The agency also claims that no benefit would result from the intervention of the Commission. The complainant emphatically disagrees. If it were up to the agency no cases brought against their client would get heard.

The complainant has stated on (PS Form 2564-A Information for Pre-Complaint Counseling and PS Form 2565 Complaint of Discrimination in the Postal Service) the actions surrounding this case. The complainant stated that it is his perception that management discriminated against him based on age as well as retaliation for filing a complaint. The perception of the complainant is real as viewed from his perspective and his alone. It should also be noted that the impact of the comments written is also at issue not the intent of the agency.

The agency cite as reference for their dismissal the Equal Employment Opportunity Commission (EEOC) Regulation 29 C.F.R. 1614.105(a), 1614.107(a)(1), 1614.103 or 1614.106(a). All of the cited material has been submitted and stated by the complainant on all forms provided to the agency. Further, the agency state that they are required to address EEO complaints only when filed by an individual who has suffered direct personal deprivation at the hands of the employer; the agency's act must have caused some concrete effect on the aggrieved person's status. In this case the complainant has repeatedly stated what was and is being done to him. The complainant is receiving disparate treatment from management as a result of filing this complaint. The complainant had informed the mediator during the redress hearing that he would probably endure some form of retaliation for filing the complaint.

The complainant is simply asking that the allegations be thoroughly investigated by the Commission. The complainant is making an attempt to exhaust all of the administrative remedies within the system.

A thorough review of the record would provide all the evidence needed to proceed in this case.

Again, as stated:

> ➢ The complainant has shown that he has been harmed by management's adverse action.
> ➢ The complainant would benefit from the intervention of the Commission.
> ➢ The complainant is aggrieved within the definitions of the law.

For all the above reasons as cited, the case should not be dismissed.




                                                      Respectfully submitted,


                                                      Earl W. Dawson
                                            Complainant's Representative
                                            2256 Montgomery Highway #3
                                                Dothan, Alabama 36303
                                            Fax and Office (334) 702-7369

## Certificate of Service

I certify that the foregoing and enclosures were mailed this date by Certified Mail to:

**THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**OFFICE OF FEDERAL OPERATIONS**
**PO BOX 19848**
**WASHINGTON, DC 20036-9848**

**MANAGER, EEO COMPLIANCE & APPEALS, APPEALS PROCESSING CENTER**
**UNITED STATES POSTAL SERVICE**
**225 NORTH HUMPHREYS BOULEVARD**
**MEMPHIS, TN 38166-0978**



**UNITED STATES POSTAL SERVICE®**

**Notice of Appeal/Petition to the Equal Employment Opportunity Commission, Office of Federal Operations**

| 1. Appellant's Name *(Last, First, MI)* *(Please Print or Type)* | 2. Daytime Telephone No. *(Include Area Code)* |
|---|---|
| Rodgers  J. C. | (334) 897-5385 |

3. Home Mailing Address

4331 Highway 141
ELBA, AL 36323

| 4. Name of Attorney or Other Representative *(If any)* | 5. Telephone No. *(Include Area Code)* |
|---|---|
| EARL W. DAWSON | (334) 702-7369 |

6. Address of Attorney or Other Representative *(If applicable)*

27 WOODLAND COURT
DALEVILLE, AL 36322

7. Has the Appellant Filed a *Formal Complaint* with His/Her Agency?

☐ No   ☑ Yes – Indicate the Agency's Complaint No.: 4H-350-0093-055

8. Name of Agency Being Charged with Discrimination

UNITED STATES POSTAL SERVICE

9. Location of Duty Station or Local Facility in Which the Complaint Arose

MAIN POST OFFICE ENTERPRISE AL

10. Has a *Final Decision* Been Issued by the Agency or MSPB on this Complaint?

☑ Yes *(Indicate the date the appellant received it,* AUGUST 15, 2005 *, and attach a copy.)*

☐ No

☐ This Appeal Alleges a Breach of a Settlement Agreement.

11. Has a Complaint Been Filed on this Same Matter with the Commission, Another Agency, or Through Any Other Administrative or Collective Bargaining Procedure?

☑ No   ☐ Yes *(Indicate the agency of procedure, complaint/docket number, and attach a copy, if appropriate.)*

12. Has a Civil Action (Lawsuit) Been Filed in Connection with This Complaint?

☑ No   ☐ Yes *(Attach a copy of the civil action filed.)*

**NOTICE:** Before mailing this appeal, please be sure to **attach a copy of the final decision** from which you are appealing, if one has been issued. Any comments or brief in support of the appeal MUST be filed with the Commission AND with the agency within 30 days of the date this appeal is filed. Making a knowingly false statement on this form is punishable by law. See 18 U.S.C. § 1001.

**Privacy Act Statement**

*(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof is given below.)*

1. **Form Number/Title/Date:** EEOC Form 573, Notice of Appeal/Petition (April 1992 edition).

2. **Authority:** 42 U.S.C. § 2000e-16.

3. **Principle Purpose:** The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.

4. **Routine Uses:** Information provided on this form will be used by Commission employees to determine (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has

jurisdiction over the issue(s) raised in the appeal; and (d) generally to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and such as, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in de-personalized form as a database for statistical purposes.

5. **Whether Disclosure is Mandatory or Voluntary and Effect on Individual for not Providing Information:** Since your appeal is voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

| 13. Signature of Appellant or Appellant's Representative | Date |
|---|---|
| Earl W. Dawson | 9/13/05 |

Send Your Appeal to:

**THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
OFFICE OF FEDERAL OPERATIONS
PO BOX 19848
WASHINGTON DC  20036-9848**

| For EEOC Use Only | OFO Docket No |
|---|---|

PS Form **3573**, June 2001

UNITED STATES POSTAL SERVICE
EQUAL EMPLOYMENT OPPORTUNITY CASE
IN THE MATTER OF:

| | | |
|---|---|---|
| J C Rodgers,<br>Complainant, | )<br>)<br>)<br>) | August 10, 2005 |
| | )<br>) | Case Number: 4H-350-0093-05 |
| v. | )<br>) | Filed on: July 29, 2005 |
| John E. Potter,<br>Postmaster General,<br>United States Postal Service | )<br>)<br>)<br>) | |

## FINAL AGENCY DECISION

### AMENDMENT/DISMISSAL OF FORMAL EEO COMPLAINT

This will be the Postal Service's Final Agency Decision on the above-referenced complaint of discrimination filed on July 29, 2005. In this complaint, you alleged discrimination when:

**Specific Claim(s):**    On March 18, 2005, management sent negative comments by email to the injury compensation office. You are being followed by management and a caricature was placed on your work cart depicting "doing some actual work". You have been denied information from your personal record, and given messages and assignments through your coworkers from management.

**Type(s) of Discrimination:**    Race (Black), Age (55) August 09, 1950

### ANALYSIS AND CONCLUSION

Reference is made to your formal complaint of discrimination filed on July 29, 2005, identified as case number 4H-350-0093-05. The Alabama District Office received a request for counseling on July 22, 2005 from you and forwarded to this office for consideration as an amendment to your current case. Pursuant to Equal Employment Opportunity Commission Regulations at 29 C.F.R. § 1614.106 & .107, your complaint is being revised as the Postal Service believes the above issue is sufficiently like or related to the issues raised in your formal complaint.

Equal Employment Opportunity Commission (EEOC) Regulation 29 C.F.R. 1614.105(a) indicates that aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, or handicap must consult a counselor prior to filing a complaint. Further, 29 C.F.R. 1614.107(a)(1) provides that the agency shall

J C Rodgers
Re: 4H-350-0093-05
Page 2

dismiss an entire complaint that fails to state a claim under 1614.103 or 1614.106(a). The Commission has long defined an "aggrieved employee" as one who suffers a present harm or loss with respect to a term, condition, or privilege of the individual's employment for which there is a remedy. *Diaz v. Department of the Air Force*, EEOC Request No. 05931049 (April 21, 1994); see also *Wildberger v. Small Business Administration*, EEOC Request No. 05960761 (October 8, 1998). An agency is required to address EEO complaints only when filed by an individual who has suffered direct, personal deprivation at the hands of the employer; the agency's act must have caused some concrete effect on the aggrieved person's employment status. *Quinones v. Department of Defense*, EEOC Request No. 05920051 (March 12, 1992).

The issue(s) in this case center on whether the allegation(s) as framed by you sufficiently claims injury as a result of a discriminatory practice. In *Hackett v. McGuire Bros., Inc.*, 445 F.2d 447 (3rd Cir. 1971), the court enunciated that a complainant must point to "an injury in fact" in order to be aggrieved. While the regulations do not define the term "aggrieved employee," courts have interpreted it to mean an employee who has suffered a personal loss or harm with respect to a term, condition, or privilege of employment. *See, e.g., Trafficante v. Metropolitan Life Insurance Co.*, 409 U.S. 205 (1972). The Commission has held this to mean that in order to state a claim, the complainant "must allege and show a 'direct, personal deprivation at the hands of the employer' or an unresolved 'personal harm or potential for harm.'" *Blaha v. U.S. Postal Service*, EEOC Request No 05910728 (October 25, 1991), and *Fagone v. U.S. Postal Service*, EEOC Request No. 05930026 (June 4, 1993).

A review of the record shows that you have failed to provide any evidence that would suggest that you suffered a personal loss or harm with respect to a term, condition, or privilege of employment as a result of the alleged management actions you cite in this case. There is no evidence that the agency took any disciplinary action against you or that you suffered any harm or injury with respect to your employment because of the agency's alleged actions.

It should be noted that under EEO regulations, every work-related issue does not constitute a term, condition, or privilege of employment. The central issue is whether you can demonstrate that you incurred an actual personal loss or harm and that you personally would benefit in a tangible way from the EEO Commission's intervention. In the instant case, you alleged discrimination because of your race and age, when on March 18, 2005, management sent negative comments about your work performance, attendance, reliability, etc. to the injury compensation office. You have been denied information from your OPF, and are followed around by management. Additionally, a caricature was placed on your work cart addressing "doing some actual work". A coworker has given you messages and assignment from management, while he does whatever he wants. The Commission has held that unless the conduct is severe, a single incident or group of isolated incidents will not be regarded as discriminatory harassment. *See Walker v. Ford Motor Co.*, 684 F.2d 1355 (11th Cir. 1982). Moreover, the record reveals that your work performance was discussed with you also. Discussion of work performance, without some showing of injury

J C Rodgers
Re: 4H-350-0093-05
Page 3

in fact, does not indicate that you are aggrieved. *See Fuller v. United States Postal Service,* EEOC Request No. 05910324 (May 2, 1991).

Clearly, as you have failed to show that you were harmed by any alleged adverse management action and you would not benefit from the intervention of the Commission, you are not aggrieved within the definitions of the law. Therefore, your claim(s) as cited above is dismissed in accordance with 29 C.F.R. 1614.107(a)(1) for failure to state a claim.

## RIGHT TO FILE A CIVIL ACTION

If you are dissatisfied with the Postal Service's final agency decision, you may file a civil action in an appropriate U.S. District Court, within **90** calendar days of your receipt of this decision. If you choose to file a civil action, that action should be captioned **J. C. Rodgers v. John E. Potter, Postmaster General**. You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security in such circumstances as the court deems just. Your application must be filed within the same 90-day time period for filing the civil action.

## APPEAL TO THE EEOC

In lieu of filing a civil action, you may file an appeal with the Equal Employment Opportunity Commission (EEOC), Office of Federal Operations (OFO), P.O. Box 19848, Washington, D.C. 20036-0848, utilizing the enclosed PS Form 3573, Notice of Appeal/Petition to the Equal Employment Opportunity Commission, Office of Federal Operations, within 30 calendar days of the date of receipt of this decision. Any supporting statement or brief must be submitted to the EEOC within **30** calendar days of filing the appeal. A copy of the appeal and any supporting documentation must also be submitted to the Manager, EEO Compliance & Appeals, Appeals Processing Center, U.S. Postal Service, 225 North Humphreys Boulevard, Memphis, TN 38166-0978. Failure to file within the 30-day period could result in the EEOC's rejection of the appeal unless you explain, in writing, extenuating circumstances which prevented filing within the prescribed time limit. In this event, extending the time limit and accepting the appeal will be discretionary with the EEOC.

If you file an appeal with the EEOC's Office of Federal Operations, you may thereafter file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the decision from the Office of Federal Operations. A civil action may also be filed after 180 calendar days of the appeal to the EEOC if you have not received a final decision on the appeal.

J C Rodgers
Re: 4H-350-0093-05.
Page 4


Dino DeSorbo
Manager, EEO Compliance and Appeals

Attachment:
    PS Form 3573, "Notice of Appeal/Petition"

UNITED STATES POSTAL SERVICE
EQUAL EMPLOYMENT OPPORTUNITY CASE
IN THE MATTER OF:

*J C Rodgers, Complainant*
*Agency Case No. 4H-350-0093-05*

## CERTIFICATE OF SERVICE

For timeliness purposes, the Agency will presume that the enclosed Agency's Dismissal of Formal EEO Complaint and PS Form 3573 (Notice of Appeal/Petition) was received within five (5) calendar days after it was mailed. I certify that the foregoing and enclosures were mailed this date by 1st Class Mail to:

**COMPLAINANT:**
J C Rodgers
4331 Hwy 141
Elba AL 36323-6905

**COMPLAINANT'S REPRESENTATIVE:**
Earl Dawson
27 Woodland Ct
Daleville AL 36322-9467

I hereby certify that the Agency's Dismissal of Formal EEO Complaint has been sent by 1st Class Mail on this date to:

Manager EEO Dispute Resolution
United States Postal Service
351 24th Street North
Birmingham AL 35203-9411

August 10, 2005
Date

*Charles E Burney, Jr.*

**OFFICE OF EEO COMPLIANCE AND APPEALS**
**UNITED STATES POSTAL SERVICE**
**SOUTHEAST AREA OFFICE**
**225 NORTH HUMPHREYS BLVD**
**MEMPHIS TN 38166-0978**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

J.C. Rodgers,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Appeal No. 01A55988

Agency No. 4H-3500093-05

DECISION

Upon review, the Commission finds that complainant's complaint was properly dismissed pursuant to 29 C.F.R. § 1614.107(a)(1) for failure to state a claim. In a complaint dated July 29, 2005, complainant alleged that he was subjected to discrimination on the bases of race (African-American) and age (D.O.B. 08/09/50) when:

1.    On March 18, 2005, management sent negative comments by email to the injury compensation office. He is being followed by management and a caricature was placed on his work which read "doing some actual work." Complainant contends that he has been denied information from his personal record, and given messages and assignments through his coworkers from management.

On appeal, complainant contends that he is being retaliated against by the agency since he has filed this complaint.

The Commission finds that the complaint fails to state a claim under the EEOC regulations because complainant failed to show that he suffered a harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. *See Diaz v. Department of the Air Force*, EEOC Request No. 05931049 (April 21, 1994). Specifically, complainant's claim as outlined in the record does not show that the conduct at issue is severe or pervasive enough to create a hostile work environment. The Commission finds that even if we considered all of the incidents together, which includes verbal comments, notes, and leaving a caricature in his work

2                                    01A55988

area, they do not rise to the level of creating a hostile work environment because at most they are isolated incidents. The Commission notes, that unless the conduct is very severe, a single incident or group of isolated incidents will not be regarded as discriminatory harassment. With respect to complainant's contentions on appeal, the Commission advises complainant to contact an EEO Counselor as soon as possible if he believes that he is being subjected to reprisal. Accordingly, the agency's final decision dismissing complainant's complaint is affirmed.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.   If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or

3                                    01A55988

department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the **sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

_____
Carlton M. Hadden, Director
Office of Federal Operations

FEB 2 4 2006
_____
Date

### CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:**

FEB 2 4 2006
_____
Date

_____
Equal Opportunity Assistant

INJURY COMPENSATION
ALABAMA DISTRICT

06 2135813



**UNITED STATES**
**POSTAL SERVICE**

April 7, 2005

MEMORANDUM FOR:    U S DEPARTMENT OF LABOR
                               DFEC – CENTRAL MAILROOM – DISTRICT 6
                               PO BOX 8300
                               LONDON KY 40742-8300

RE:       J.C. RODGERS
          DOI: 2/8/5

SUBJECT:    CHALLENGE TO CLAIM

This transmits the following documents with Agency comments:

1) CA-17, Dr. Roberts, D.O., 4/5/05
2) Return to Work Notice, Dr. Roberts, 4/5/05
3) Supervisor's Statements, 3/18/05 & 3/28/05

The claimant stopped work on 2/9/05, submitted a CA-2 on 3/14/05 but has submitted no medical evidence that suggest a causal relationship to his employment. Today, the claimant has submitted medical for return to work. However, the medical evidence submitted does not indicate disability.

The CA-17, Nos. 9 & 10, indicate a diagnosis of Shortness of Breath with Recurrent Infection. The doctor's office confirmed the wording today.

The supervisor's statements indicate that the claimant told her he had experience waxing of floors. This information also appears in his Application for Employment as a Custodian for the Covington County Board of Education from September, 2001 to May, 2003. The employment application also reports that he stopped working at that job due to an automobile accident. Prior employment, which may have affected his pulmonary condition, includes 23 years as a Welder, from 1977 to 2000.

Prior evidence submitted indicates the claimant was offered and refused the use of a respirator at the time of the alleged injury.

The agency does not believe the evidence submitted supports a finding that the claimant's Postal job resulted in his reported hospitalization or extended absence from work. The agency suggests that the claimant's condition existed prior to his employment by the Postal Service.

Respectively submitted,

Bill Johnston,
Injury Compensation Specialist

cc: J.C. Rogers

enclosures

**From:**  Alums, Debra S - Slocomb, AL

**Sent:**  Friday, March 18, 2005 8:12 AM

**To:**  Johnston, Bill R - Mobile, AL

**Subject:** RE: OSHA 300......J.C. RODGERS.....INITIAL......ENTERPRISE

Do I need to do anything else? I wanted you to know that we were required to fill this PTR custodial position. Mr. Rogers was second on the list. The first person was disqualified. Going through the hiring process, I did not feel that Mr. Rogers would be suitable and expressed this -

-for the year prior to beginning work for us Mr. Rogers had been out of work awaiting a "settlement" from an accident ( I couldn't understand if he was unable to work due to the accident, how he could work for us) -from obeservation ( I'm no Doctor) Mr. Rogers did not appear to be in the health condition to perform the job that I described to him - outside work in heat, lifting, lawn care, changing lightbulbs, climbing on ladders - and if fact stripping floors and waxing was a specific task I ask about because the floors here had not been properly maintained in the past ( and in fact even since he has been here the whole place has not been completed when it is required twice a year) Mr Rogers told me that in his previous job as a school janitor, he stripped and waxed whole schools - he stated he knew all about that - presented himself as an expert on it. Since his employment - beginning right after his 90 days, his attendance has been poor. I have discussed job performance with him - such as just leaning on the hoe in the outside instead of working - taking days to accomplish an edging task that the lawn care professionals had estimated at 4 hours - cutting limbs and piling them in one place just to have to pick them up and pile them in another place. Unfortunately, I am unable to watch him constantly, so when he is unsupervised - you can't locate him and when I have he has not always been working.
It was weeks before Mr. Roges suggested that the wax caused his problem. The form he brought here ~~should~~ showed medical problems that I don't know if he disclosed at his hiring because we are not aware of that. His daughter, Bridgett Hooks is the Union Secretary in Dothan, which may have contributed to some of Mr. Rogers comments previously such as when the paychecks did not arrive for any 363 offices he said "Well someone should file a grievance". And on this incident, instead of contacing me, he called the other custodian to ask the name of the wax.

I don't know if any of this information is helpful, but I have the feeling that we are being taken advantage of in this situation and I want to head it off with any relevant facts that we might have.

Thanks!

***Debra Alums***
***Officer-in-Charge***
***616 Glover Avenue***
***Enterprise, Al. 36330-9998***
***#334-308-9300***

**From:** Johnston, Bill R - Mobile, AL

**Sent:** Thu 3/17/2005 8:18 PM

**To:** ALABAMA - SAFETY

**Cc:** Alums, Debra S - Slocomb, AL

**Subject:** OSHA 300......J.C. RODGERS.....INITIAL......ENTERPRISE

OSHA Indicator = N at this time.

<<Rodgers.XLS>>

## Johnston, Bill R - Mobile, AL

| | |
|---|---|
| **From:** | Alums, Debra S - Slocomb, AL |
| **Sent:** | Monday, March 28, 2005 12:56 PM |
| **To:** | Johnston, Bill R - Mobile, AL |
| **Subject:** | FW: J C Rodgers - CA 2 |

Re: J. C. Rogers

Mr. Rogers was a school custodian before coming to work at the Post Office. He advised me in the interview that he stripped and waxed floors regularly, so it seems doubtful that Mr. Roger's had a problem with wax. Mr. Rogers did not advise me that he believed the wax made him sick for more than a month ( Feb 8 to March 14).

*Debra Alums*
*Officer-in-Charge*
*616 Glover Avenue*
*Enterprise, Al. 36330-9998*
*#334-308-9300*

Statement by supervisor, ☐ J.C

---

**From:** Alums, Debra S - Slocomb, AL
**Sent:** Tue 3/22/2005 10:23 AM
**To:** Bryars, Rebecca L - Safety Office - Birmingham, AL
**Subject:** RE: J C Rodgers - CA 2

O.K. I've tried to put it all in again - please check me to see that I got it. I opend one after I attached it and it seemed to be there. Thanks so much for helping me!!!!

*Debra Alums*
*Officer-in-Charge*
*616 Glover Avenue*
*Enterprise, Al. 36330-9998*
*#334-308-9300*

---

**From:** Bryars, Rebecca L - Safety Office - Birmingham, AL
**Sent:** Fri 3/18/2005 6:47 AM
**To:** ~36330 Enterprise, AL
**Subject:** J C Rodgers - CA 2

A 1769 and 301 are required for the above mentioned CA 2. I have attached the electronic version for your convenience. Please complete and submit to me today so you will be cleared from the exception report.

Thanks!
Rebecca Bryars
Alabama District
Safety Specialist
(205) 521-0295
Fax (650) 577-4065
-----Original Message-----
**From:** Fullman, Gailon T - Safety Office - Birmingham, AL

FROM :ECHOLS FAMILY          FAX NO. :3157751003          APR-07-2005 10:34AM P1

O 6 2 1 3 5 8 1 3



DEA # AR9402260

GLENN A. ROBERTS, D.O.
976 DRAYTON AVENUE
ELBA, AL 36323
334-897-2267   FAX 334-897-0082

NAME   J C Rodgers
ADDRESS   Elba, AL      4/5/05

☒ (Please Print)

Released for Rolay
to work no
funnes
Return 4/7/05

☐ LABEL

REFILL ____ TIMES PRN   SR

PRODUCT SELECTION PERMITTED _____ D.O.     DISPENSE AS WRITTEN _____ D.O.

R E C E I V E D

APR 7 2005

INJURY COMPENSATION OFFICE
MOBILE AL 36601-1491

*received on 7/5/05*

| U.S. Postal Service | Finance Number: | Certified Mail No. | Date Mailed   or   Hand Delivered On **June 22, 2005**   I |
|---|---|---|---|
| **Information for Pre-Complaint Counseling** | | By (Initials) **ZSB** | Case No. **PRE-023202-2005** |

On __June 22, 2005__, you requested an appointment with a Dispute Resolution Specialist.
Month, Day, Year

**Important: Please Read.** You should complete this form and return it to the EEO office *within 10 calendar days of receipt.* This is the only notification that you will receive regarding the necessity for you to complete this form.

## A.  Requester Information

| Name (Last, First, MI) Rogers, J. C. | Social Security No. 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 | Home Telephone No. 334-897-5385 |
|---|---|---|

Your Mailing Address
4331 Highway 141, Elba, AL  36323-6905

| Name of Postal Facility Where You Work Enterprise, Alabama  36330 | | Office Telephone No. 334) 308-9300 |
|---|---|---|
| Address of Postal Facility | Email Address * | |

| Employment Status *(Check One)* ☐ Applicant  ☐ Casual  ☐ TE  ☑ Career | Position Title Custodian | Grade Level 3 |
|---|---|---|
| Pay Location /00 | Tour | Duty Hours | Off Days *(If Tour I, Show Nights Off)* | Time in Current Position _Years ___ Months |

| Your Supervisor's Name Debra Alum | Supervisor's Title OIC | Supervisor's Telephone 334) 308-9300 |
|---|---|---|

## Discrimination Factors

Prohibited discrimination includes actions taken based on your *Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Disability,* or in *Retaliation (actions based on your participation in prior EEO activity).* These categories are referred to on this form as factors.

What Factor(s) of Discrimination Are You Alleging? *(Please be specific, i.e. Race – African American, Sex – Female.)*

Race Retaliation –

**For Retaliation Allegations Only:**  If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity which you feel caused you to be retaliated against.

1. On 5/24/05 I engaged in EEO activity.  Case No.:_____
   Month, Day, Year

2. On_____ I engaged in EEO activity.  Case No.:____
   Month, Day, Year

## C.  Description of Incident/Action

Please use the space below to briefly describe the incident or action that prompted you to seek EEO counseling at this time.

. On

As I forestated in my mediation that things were going to be hard on me I requested a copy of my 3972. My personal record and my Postmaster along with her staff refused to give it to me Why? Because she could I am constantly being told by my fellow employee messages and job assignment from Mrs. Alum. She told my coworker to basically be my boss. He follows me around while he does what ever he wants to and brags about it. I even received a harassing comic from her office, meaning to be a joke. I'm constantly harassed by her & his stats

PS Form **2564-A,** March 2001 *(Page 1 of 3)*

**omparisons**

...in why, based on the factors you cited in Section B, you believe that you were treated differently than other employees or applicants in ...ar situations.

*Mark Nelson*
_(Name of Employee)_

*White male.*
_Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)_

*Ed dasn't performs and braggs about it and she say nothing to him. He doesn't work outside only he*

2. _____
   _(Name of Employee)_

   _Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)_

   was treated differently than I when: _____

   _____

3. _____
   _(Name of Employee)_

   _Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)_

   was treated differently than I when: _____

   _____

## E.  Official(s) Responsible for Action(s)

List the name(s) of the official(s) who took the action which prompted you to seek counseling at this time.

| 1a. Name *Debra Alum* | b. Title *OIC Postmaster* |
|---|---|
| c. Office *Enterprise Postmaster* | d. Grade Level *22* |
| 2a. Name | b. Title |
| c. Office | d. Grade Level |

_Retaliation Allegations Only:_ Was/were the official(s) listed in Section E above aware of your prior EEO activity?

☐ No   ☑ Yes   If yes, explain how the official(s) became aware:

*The prior EEO conesses her.*

_____

## F.  Resolution

What are you seeking as a resolution to your pre-complaint?

*damages and to be treated fairly. To be made whole*

## G.  Grievance/MSPB Appeal

On the incident that prompted you to seek EEO counseling, have you:

1. Filed a grievance on the issue?   ☐ No   ☑ Yes   If yes, *June 20, 20*_____   _____
   _(Date)_        _(Current Step)_

2. Filed an MSPB appeal on this issue?   ☐ No   ☐ Yes   If yes, _____
   _(Date Appeal Filed)_

PS Form **2564-A**, March 2001 *(Page 2 of 3)*

## H. Anonymity

You have the right to remain anonymous during the pre-complaint process.

Do you desire anonymity?    ☐ No    ☑ Yes        **Note:** If mediation is chosen, anonymity is not an option.

## I. Representation

You have the right to retain representation of your choice. *(Check One)*

☐ I waive the right to representation at this time.    ☐ I authorize the person listed below to represent me.

Name of Representative
*Earl W. Dawson*

Representative's Title / Duty Hours and Non-service Days
*President*

Organization
*APWU #332 President*

Telephone No.
(~~334~~) *598-8134*

Email Address *
*Pearl2pat@aol.com*
~~Rodgrs332@cs.com~~

Mailing Address *(Street or P.O. Box, City State and Zip + 4)*
*87 Woodland Ct., Daleville, Al. 36322*

\* Providing this information will authorize the U.S. Postal Service to send your representative important documents electronically.

## J. Documentation

Please attach any documentation you wish to submit to support your allegation(s). Include a copy of any written action(s) that caused you to seek counseling at this time.

Note: If you are alleging mental and/or physical disability, it is important for you to submit medical documentation of your disability during the pre-complaint process.

## K. Privacy Act Notice

**Privacy Act Notice.** The collection of this information is authorized by The Equal Employment Opportunity Act of 1972, 42 U.S.C. 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.633a; The Rehabilitation Act of 1973, as amended, 29 U.S.C. 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations,

contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for Investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## L. Authorization

I am aware that the claim(s) contained herein shall by-pass the pre-complaint process *if* like or related to a formal complaint that I have already filed, or *if* the claim(s) constitutes a spin-off complaint. (A spin-off complaint contests the manner in which a previously filed complaint is being processed.) In completing this PS Form 2564-A, *Information for Pre-Complaint Counseling*, I recognize that the Manager, Dispute Resolution will review the claim(s) contained herein and determine how they shall be processed. I will be notified, in writing, if the Manager determines that my claim(s) shall be processed as amendments or appendages to a formal complaint that I have already filed.

Please Print Your Name Here
*J C Rodgrs*

Your Signature
*J.C. Rodg...*

Date Signed
*7/3/05*

**Please Return This Form to:**

**Note:** Use of Postal Service penalty or G-10 envelopes in returning this form is prohibited by law and subjects the sender to a $300.00 fine.

> **MANAGER, EEO DISPUTE RESOLUTION**
> **U S POSTAL SERVICE**
> **351 24TH STREET, NORTH**
> **BIRMINGHAM, AL  35203-9411**

