IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| J.C. RODGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) Civil Action No.: 1:06-cv- 00491-WKW |
| | ) |
| JOHN E. POTTER, Postmaster General | ) |
| of the United States, et al, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

COME NOW Defendants, John E. Potter, Postmaster General, and the United States Postal Service, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files this Memorandum in Support of Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment.

The Plaintiff is employed by Defendants as a custodian at the Enterprise, AL Post Office. The Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, against the Defendants, his employer, alleging race discrimination beginning in August 2004, when the Plaintiff's supervisor allegedly (1) commented on his performance to other employees, (2) instructed a co-worker to order the Plaintiff to perform tasks; and (3) slandered the Plaintiff's name. As set forth below, this suit is subject to dismissal on procedural and substantive grounds.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

1.   On July 5, 2005, the Plaintiff filed an informal complaint with the Defendants' EEO Dispute Resolution Office in Birmingham, AL, alleging that Debra Alums, the Officer-in-Charge (OIC) of the Enterprise Post Office, discriminated against him based on "race retaliation." See Complaint No. 1:06cv00491-WKW, p. 21-23.

2.   In his informal complaint, the Plaintiff alleged that (1) the OIC refused to give him a copy of his PS Form 3972 (request for absence), (2) the OIC instructed a co-worker to be the Plaintiff's boss, and (3) he received a harassing comic. See Complaint No. 1:06cv00491-WKW, p. 21-23.

3.   On August 1, 2005, the Plaintiff filed a formal complaint of discrimination with the Defendants' EEO Appeals Processing Center, alleging race and age discrimination. See MtDMSJ Ex 1.

4.   In his formal complaint, the Plaintiff alleged that (1) the OIC wrote negative comments regarding the Plaintiff to the Injury Compensation Specialist; (2) he was followed around by the Postmaster and his co-worker, Mark Nelson, a white male, is not; and (3) a caricature was placed on his work cart regarding "doing some actual work." See MtDMSJ Ex 1.

5.   On August 10, 2005, the Postal Service issued a Final Agency Decision (FAD), dismissing the Plaintiff's EEO complaint, finding the Plaintiff was not aggrieved. See Complaint No. 1:06cv00491-WKW, p. 9-12.

6.   On September 13, 2005, the Plaintiff appealed the FAD to the Office of Federal Operations (OFO). See MtDMSJ Ex 2.

7. On February 24, 2006, OFO upheld the Agency's decision to dismiss the Plaintiff's case. See Complaint No. 1:06cv00491-WKW, p. 16.

8. The Plaintiff received OFO's decision affirming the Agency's dismissal of his case within five days of the February 24, 2006, mailing of same, or by March 1, 2006. See MtDMSJ Ex 4 and Complaint No. 1:06cv00491-WKW, p. 16.

9. On May 31, 2006, the Plaintiff filed this District Court case. See Complaint No. 1:06cv00491-WKW, p. 1.

10. In his District Court complaint, the Plaintiff alleges race discrimination when his supervisor allegedly (1) commented on his performance to other employees, (2) instructed a co-worker to order the Plaintiff to perform tasks; and (3) slandered the Plaintiff's name.[1] See Complaint No. 1:06cv00491-WKW, p. 1.

11. The Plaintiff specifically alleges that Alums made inappropriate comments to Bill Johnston – a Postal Service Injury Compensation Specialist – regarding the Plaintiff's compensation claim. See Complaint No. 1:06cv00491-WKW, p. 18-19.

12. Johnston challenged the Plaintiff's OWCP claim with the Department of Labor. See Complaint No. 1:06cv00491-WKW, p. 17.

13. The Plaintiff also alleges that Alums instructed a co-worker to give orders to the Plaintiff and that a harassing comic was left on his work cart. See Complaint No. 1:06cv00491-WKW, p. 21-23.

---

[1] While the Plaintiff uses different wording in his informal, formal, and District Court complaints, he ostensibly has alleged the same conduct. The Plaintiff appears to have abandoned his retaliation and age claims.

    14.    The comic was a "Dilbert." See Complaint No. 1:06cv00491-WKW, p. 24.

    15.    The work cart referred to above was a cart shared by Plaintiff and another custodian, Mark Nelson, a 47 year old Caucasian male. See MtDMSJ Ex 3.

## II. PLAINTIFF'S CLAIMS ARE DUE TO BE DISMISSED FOR HIS FAILURE TO COMPLY WITH CONDITIONS PRECEDENT TO FILING HIS COMPLAINT.

The Supreme Court has held that Section 717 of Title VII, Brown v. General Services Administration, 425 U.S. 820 (1976). The limitations period is found in 42 U.S.C. § 2000e-16(c), which states in pertinent part:

> ***Within 90 days of receipt of notice of final action*** taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex, or national origin ... an employee ..., if aggrieved by the final disposition of his complaint ... may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit as appropriate shall be the defendant.

42 U.S.C. § 2000e-16(c) (emphasis added). In Irwin v. Department of Veteran Affairs, 498 U.S. 89 (1990), the Supreme Court interpreted the word "receipt" from 42 U.S.C. § 2000e-16(c). The Court determined that "receipt," which triggers the 90-day filing period, occurs when either the plaintiff or his representative receives the final action by the agency, whichever comes first. Circuit courts have also applied and adhered to the Court's interpretation of the statute of limitations for claims of employment discrimination by federal

employees. *See* Johnson v. Henderson, 234 F.3d 367 (8th Cir. 2000); Million v. Frank, 47 F.3d 385 (10th Cir. 1995).

### A. Failure to Exhaust Administrative Remedies

#### (1) Applicable Law

A federal employee who seeks to bring a lawsuit under Title VII (i.e., for race, sex, national origin, or religion discrimination) is first required to exhaust available administrative remedies. See 42 U.S.C. 2000e-16; Crawford v. Babbit, 186 F. 3d 1322, 1326 (11th Cir. 1999).

The administrative remedies applicable to federal employees are found in 29 C. F. R. Part 1614, "Federal Sector Equal Employment Opportunity." This Part, which expressly covers complaints of employment discrimination under the Rehabilitation Act and Title VII, and is applicable to the U. S. Postal Service, see 29 C. F. R. 1614. 103(a) (b), lays out the various steps and deadlines required to exhaust available administrative remedies as to such a claim.

Following the employing agency's issuance of a FAD, the employee has two main options available: appealing the FAD to the EEOC's OFO, see 29 C.F.R. 1614.401-.405, or filing a civil action in U. S. District Court. See 29 C. F. R. 1614.407-.409. An appeal to the OFO must be filed within 30 days of the employee's receipt of the FAD. See 29 C. F. R. 1614.407(a). An employee cannot pursue both avenues. See id. (providing that filing of a suit in District Court shall terminate any appeal to the OFO).

Where- as in this case-the employee chooses to appeal the FAD, as noted above, such appeal is made to the EEOC's OFO. See 29 C. F. R. 1614.401(a); 1614.403(a), and must be filed within 30 days of receipt of the FAD. See 29 C.F.R. 1614.402(a).

After the OFO issues its final decision (whether on the merits or on a timely-filed motion for reconsideration), an employee can then file a civil action in U. S. Civil Court, if filed within 90 days of OFO's final decision. See 42 U.S.C.2000e-16(c); 29 C.F.R. 1614.407 (c). As noted above, this 90 day period is in the nature of a statute of limitations.

**(2)   Discussion**

Plaintiff failed to timely exhaust his administrative remedies when he filed this District Court complaint beyond the applicable 90 day statute of limitations. The OFO expressly informed Rodgers of the relevant deadlines, including his right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that he received the decision. Rodgers is presumed to have received, and has admitted, that he received the decision within five (5) calendar days after it was mailed. MtDMSJ Ex 4; See Case 1:06-cv-00491-WKW-CSC page 15-16. See 29 C.F.R. §1614.407(c); 42 U.SC. 2000e-16(c); see Portis v. World Omni Finance, 200 U.S. Dist. LEXIS 7667 (S.D. Ala. 2000).

In this case, the Plaintiff filed his complaint on May 31, 2006, – 96 days after the OFO decision was sent and 91 days after his receipt of same. The plaintiff's suit was therefore not timely filed and a condition precedent to suit was not followed. See Uitert v. Henderson, No. Civ 99-1021-AS, 2000 WL 776397 at *3 (June 13, 2000 D. Or.) (granting summary judgment where employee failed to timely appeal to OFO or timely file suit in

District Court); Conway v. Runyon, No. 94 C 4970 1995 WL 88976 at *2 (Feb. 24, 1995, N.D. Ill.)(same).

### (3) Plaintiff Cannot Establish Grounds For Equitable Tolling.

It is anticipated that Plaintiff may argue that he should be excused for failing to meet the deadline for filing a district court action. See,e.g. 29 C.F.R.1614/604(c) (generally recognizing availability of waiver, estoppel, and equitable tolling of time limits in 29 C.F.R. Part 1614). However, none of those doctrines are applicable here.

Compliance with the filing requirements of Title VII is a condition precedent to suit that functions like a statute of limitations and is subject to equitable tolling. See Jackson v. Seaboard Coast Line Railroad Co., 678 F.2d 992 (11th Cir.1982) Although equitable tolling must be considered, the Supreme Court has explained:

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadlines to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990). "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984)

First, it is a plaintiff-employee's burden to plead and prove equitable tolling. See Bowden v. United States, 106 F.3d 433, 438 (D.C.Cir. 1997); Howell v Department of the Army, 975 F.Supp. 1293, 1296 (M.D.Ala. 1997). Second, "One who fails to act diligently

cannot invoke equitable principles to excuse that lack of diligence." <u>Baldwin County Welcome Center v. Brown</u>, 466 U.S. 147, 151 (1984). "Federal courts have typically extended equitable relief only sparingly." <u>Irwin v. Department of Veterans Affairs</u>, 498 U.S. 89, 96 (1990); <u>see also</u> <u>Justice v. United States</u>, 6 F.3d 1474, 1479 (11th Cir. 1993)(holding that "interests of justice" governing equitable tolling weigh in favor of defendant when plaintiff fails to act timely despite knowing the applicable deadline is running.)² Here, Plaintiff clearly knew of the deadline for filing suit in District Court and because he failed to fully exhaust his administrative remedies by timely filing the instant action, the Court should grant Defendant Motion to Dismiss or in the Alternative, Motion for Summary Judgment.³

**III.  SUMMARY JUDGMENT IS DUE PURSUANT TO RULE 56, FEDERAL RULES OF CIVIL PROCEDURE, AS THE PLAINTIFF CANNOT DEMONSTRATE THAT HE WAS SUBJECTED TO A HOSTILE WORKING ENVIRONMENT.**

   A.   **Standard of Review.**

A court should grant summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, (1986). The party moving for summary judgment "always bears the

---

² Although <u>Justice</u> is not a Title VII case, the Eleventh Circuit has relied on it in deciding the issue of equitable tolling in a federal employee Title VII case. See <u>Robinson v. Secretary of Agriculture</u>, 147 Fed. Appx 922, 924 (11th Cir. 2005).

³ At a minimum, Plaintiff's suit is subject to dismissal under Rule 12(b) (6) based on his failure to have plead in his Complaint that he has exhausted his administrative remedies. As exhaustion of administrative remedies is a prerequisite to suit, in alleging his claims Plaintiff must, at a minimum, plead that he has exhausted those remedies in order to state a claim. <u>See,e.g.</u>, <u>Matthews v. Hight Island Indep. Sch. Dist.</u>, 991 F. Supp. 840, 843-44 (S.D. Tex. 1998).

initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings . . . which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323.

If the moving party meets its burden, the burden shifts to the nonmoving party to show that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The non-moving party must make this showing with "specific facts," which show that a reasonable jury could return a verdict in its favor." Id. at 250. Thus, the key question in deciding a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

    **B.**    **Analytical Framework for Title VII.**

In order to establish discrimination under a hostile work environment theory, a claimant must establish discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of employment. Harris v. Forklift Systems, 510 U.S. 17, 21 (1993). To implicate Title VII, the conduct must also be as a result of the employee's race, gender, religion, or national origin. Id.

The Supreme Court has clarified what constitutes an actionable hostile work environment claim under Title VII: "[The] standards for judging hostility are sufficiently *demanding* to ensure that Title VII does not become a 'general civility code.' We have made it clear that conduct must be *extreme* to amount to a change in the terms and conditions of employment." Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) (emphasis added).

In determining that a working environment is hostile, factors to consider are: 1) the frequency of the alleged discriminatory conduct; 2) its severity; 3) whether it is physically threatening or humiliating; and 4) if it unreasonably interferes with an employee's work performance. See Harris, 510 U.S. at 23.  The Court has also stated that, "[c]onduct that is not severe or pervasive enough to create an objectively hostile work environment - an environment that a reasonable person would find hostile or abusive - is beyond Title VII's purview." Id. at 21.  Moreover, an objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.  Id. at 23; Faragher, 524 U.S. at 787-88.

### C.    The Plaintiff Cannot State a Claim of a Hostile Work Environment

In this case, the Plaintiff's complaint alleges his OIC (1) commented on his performance to other employees, (2) instructed a co-worker to order the Plaintiff to perform tasks; and (3) slandered the Plaintiff's name.  In his informal complaint, the Plaintiff also alleged (1) the OIC refused to give him a copy of his PS Form 3972 (request for absence), (2) the OIC instructed a co-worker to be the Plaintiff's boss, and (3) he received a harassing comic.

Taking all of these incidents together, the Plaintiff cannot establish a hostile work environment.  First, the Plaintiff cannot establish a sufficient frequency of conduct.  Instead, he has vaguely alluded to a few instances where he is unhappy with how he was treated by his boss.  Likewise, he cannot show a sufficient severity of conduct.  While the Plaintiff may not have liked that his OIC commented on his performance, instructed another employee to

give him orders, questioned his OWCP claim,[4] and did not give him a copy of his PS Form 3972, this conduct amounted to nothing more than an employee disagreeing with his OIC's decisions.

The only issue that cannot be fairly characterized as a workroom disagreement is the comic. In fact, the "harassing comic" is a "Dilbert"[5] that was placed on a work cart the Plaintiff shares with a co-worker, Mark Nelson, by Mr. Nelson. See MtDMSJ Ex 3. Mr. Nelson did not hang or affix the cartoon to the work cart; he merely placed the cartoon on the cart because he wanted to save it. See MtDMSJ Ex 3. While reasonable people may disagree about the humor in "Dilbert," it is farfetched to call this comic harassing.

Finally, the Plaintiff cannot establish how any of this conduct was physically threatening or humiliating, or unreasonably interfered with his work performance. The Plaintiff may not have gotten along with his boss and a co-worker may have been treated better than he, however, no reasonable person could have found this environment so severe or pervasive as to alter the terms and conditions of the Plaintiff's employment.

**WHEREFORE,** for the reasons set forth above, Defendants respectfully request that the Court dismiss Plaintiff's Complaint or, in the alternative, grant summary judgment in favor of Defendants.

Respectfully submitted this 15th day of August, 2006.

---

[4] The EEOC has consistently held that an agency opposition to an OWCP claim does not affect a term, condition, or privilege of employment so as to render a person aggrieved. See Hall v. Department of Treasury, EEOC Appeal No. 01945595 (February 23, 1995). The proper forum for contesting the outcome of an OWCP claim is with the Department of Labor. Fisher v. United States Postal Service, EEOC Appeal No. 01A33258, (March 12, 2004).

[5] The comic reads as follows: Dilbert to co-worker, "I don't mean to frighten you, but you'll have to do some actual work." Co-worker in reply, "That's crazy talk." Complaint No. 1:06cv00491-WKW, p. 24.

                                      LEURA G. CANARY
                                      United States Attorney

By:  s/R. Randolph Neeley
      Assistant United States Attorney
      Bar Number: #9083-E56R
      Attorney for Defendant
      United States Attorney's Office
      Post Office Box 197
      Montgomery, AL 36101-0197
      Telephone: (334) 223-7280
      Facsimile: (334) 223-7418
      E-mail: rand.neeley@usdoj.gov

Of Counsel:
JENNIFER S. NICHOLS
USPS Law Department
225 N. Humphreys Blvd.
Memphis, TN 38166-0170
901-747-7530
901-747-7371 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant(s): J.C. Rodgers, *pro se*, 4331 Highway 141, Elba, Alabama 36323.

Done this 15th day of August, 2006.

                                                s/R. Randolph Neeley
                                              Assistant United States Attorney