IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| J.C. RODGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  1:06cv491-WKW |
| | ) | (WO) |
| JOHN E. POTTER, Postmaster General, | ) | |
| and U.S. POSTAL SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Now pending before the court is the defendants' motion to dismiss the plaintiff's

complaint.  The *pro se* plaintiff, J.C. Rodgers ("Rodgers"), brings this action against his

employer, the United States Postal Service, and Postmaster General John E. Potter, alleging

that he was discriminated against because of his race.  He brings his claims pursuant to  Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

The court has jurisdiction of the plaintiff's Title VII claims pursuant to the jurisdictional

grant in 42 U.S.C. § 2000e-5.

Title VII's prohibition against discrimination in the workplace is well-settled.[1]

Rodgers has 90 calendar days from the date he receives the agency's final decision to file

a civil action in the United States District Court.  The agency presumes that the plaintiff will

receive the agency's adverse decision within five (5) days after it was mailed.  Consequently,

---

[1] Title VII provides that it "shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . .." 42 U.S.C. § 2000e- 2(a)(1)

the defendants have filed a motion to dismiss alleging that the plaintiff failed to file his complaint in this court in a timely manner.  According to the defendants, presuming that the plaintiff received the agency's adverse decision on March 1, 2006, five days from the date of the decision, the plaintiff was required to file his complaint on or before May 30, 2006. The plaintiff did not file his complaint in this court until May 31, 2006.

In support of their motion to dismiss, the defendants assert that the plaintiff's claims are barred because he failed to timely file the complaint in this court.  Once the issue of timeliness arises, the plaintiff bears the burden of proving that he filed a timely complaint or that any untimeliness is excused by an equitable exception.  The plaintiff bears the burden of establishing that the applicability of the doctrine of equitable tolling.  *Carter v. West Publishing Co.*, 225 F.3d 1258, 1265 (11th Cir. 2000).  Accordingly, it is

ORDERED that on or before September 5, 2006, the plaintiff shall show cause why the motion to dismiss should not be granted.  **The plaintiff is specifically cautioned that if he fails to file a response as required by this order and addressing all the issues raised in the defendants' motion to dismiss, the court will treat his failure to respond as an abandonment of each claim he fails to address and the undersigned will recommend that this case be dismissed for such failure.**

Done this 21st day of August, 2006.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE