IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| J.C. RODGERS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 1:06cv491-WKW |
| | ) |
| JOHN E. POTTER, Postmaster General, | ) |
| and U.S. POSTAL SERVICE, | ) |
| | ) |
|     Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Now pending before the court is the defendants' motion to dismiss the plaintiff's complaint (doc. # 9). The *pro se* plaintiff, J.C. Rodgers ("Rodgers"), brings this action against his employer, the United States Postal Service, and Postmaster General John E. Potter, alleging that he was discriminated against because of his race. He brings his claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"). The court has jurisdiction of the plaintiff's claims pursuant to 28 U.S.C. § 1331 and the jurisdictional grant in 42 U.S.C. § 2000e-5. After careful review of the motion and the plaintiff's response, the court concludes that the defendant's motion to dismiss is due to be granted.

**II. STANDARD OF REVIEW**

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *Scheuer*

*v. Krause*, 416 U.S. 232 (1974). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Id*. "Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Id.* The court is to accept as true all well-pleaded factual allegations and will review them in a light most favorable to the non-moving party. *Hishon*, 467 U.S. at 73. However, complaints filed *pro se* are entitled to a liberal interpretation by the courts. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

In appraising the sufficiency of the complaint, courts follow the well-established rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (footnote omitted); *see also Gardner v. Toilet Goods Assn.,* 387 U.S. 167, 172 (1967). The threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Anacata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

### III. DISCUSSION

Rodgers alleges that he was subjected to a hostile work environment because of his race in violation of Title VII. Title VII's prohibition against discrimination in the workplace

2

is well-settled.[1] However, the defendants argue that Rodgers' complaint should be dismissed because he did not file this action in a timely manner; that is, within ninety (90) days of his receipt of the right to sue letter, and thus, is time barred from proceeding in federal court.

Rodgers has 90 calendar days from the date he received his notice of his right to sue from the EEOC to file a civil action in the United States District Court. 42 U.S.C. § 2000e-5(f)(1); *See also Law v. Hercules, Inc.*, 713 F.2d 691, 692 (11th Cir. 1983); *Zillyette v. Capital One Financial Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999). A review of the pleadings demonstrates that, on February 24, 2006, the EEOC mailed to Rodgers a right to sue letter. Rodgers admits that he received the right to sue letter on March 1, 2006. Rodgers mailed by express mail his complaint to this court on May 30, 2006. The complaint was received and filed in the court's clerk's office on May 31, 2006.

The defendants have filed a motion to dismiss alleging that the plaintiff failed to file his complaint in this court in a timely manner. According to the defendants, the plaintiff was required to file his complaint on or before May 30, 2006. Rodgers did not file his complaint in this court until May 31, 2006. Once the defendant raises the issue of timeliness, the plaintiff bears the burden of establishing that his complaint satisfies the 90-day rule or establishing that any untimeliness is excused by an equitable exception. The plaintiff bears the burden of establishing the applicability of the doctrine of equitable tolling. *Carter v.*

---

[1] Title VII provides that it "shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . .." 42 U.S.C. § 2000e- 2(a)(1)

*West Publishing Co.*, 225 F.3d 1258, 1265 (11th Cir. 2000).

Under Title VII, failure to file a complaint within the 90-day time period bars the action. 42 U.S.C. § 2000e-5(f)(1). The ninety day period begins to run upon receipt of the right to sue letter. *Stallworth v. Wells Fargo Armored Servs. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991). In this circuit, the court must apply a case-by-case approach "to fashion a fair and reasonable rule for the circumstances of each case, one that would require plaintiffs to assume some minimal responsibility in resolving their claims without "conditioning a claimant's right to sue under Title VII on fortuitous circumstances or events beyond his control which are not spelled out by the statute." *Zillyette*, 179 F.3d at 1340.

It is undisputed that Rodgers received the notice of his right to sue from the EEOC on March 1, 2006. Rodgers had until May 30, 2006 – 90 days from that date – to file a complaint in this court. Rodgers concedes that instead of filing his complaint, he placed his complaint in express mail on May 30, 2006. (Pl's Resp. at 1). The complaint was received and filed by this court on May 31, 2006. Consequently, his complaint was not timely filed.

Rodgers offers no explanation as to why his complaint was not timely filed nor does he demonstrate that he exhibited even the most minimal effort to comply with the 90-day rule. Rather, he requests "a little latitude since in fact the case was mailed before the 90 days elapsed." (Pl's Res. at 1). This is not a case in which Rodgers was prevented from filing his complaint in a timely manner due to some "fortuitous circumstances or events beyond his control." *See Zillyette*, *supra*. To allow Rodgers to proceed under the facts of this case

would be to allow him to "enjoy a manipulable open-ended extension which would render the statutory limitation meaningless. Plaintiff should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute." *Law v. Hercules, Inc.*, 713 F.2d 691, 692 (11th Cir. 1983). *See also Stallworth*, 936 F.2d at 524.

Because Rodgers did not file his complaint until May 31, 2006, this action was commenced more than 90 days after he received his right to sue notice. The plaintiff does not argue that any equitable exception exists to toll the limitation period. Thus, the court concludes that Rodgers' complaint was not timely filed and the defendants' motion to dismiss is due to be granted. *See also Norris v. Florida Dep't of Health & Rehabilitative Servs.*, 730 F.2d 682 (11th Cir. 1984) (complaint filed 91 days after receipt of right to sue letter was untimely).

## IV. CONCLUSION

Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that the defendants' motion to dismiss be granted and this case be dismissed. It is further the RECOMMENDATION of the Magistrate Judge that costs be taxed against the plaintiff. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **October 31, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

5

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of October, 2006.

       /s/Charles S. Coody
       CHARLES S. COODY
       CHIEF UNITED STATES MAGISTRATE JUDGE